

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARA T. MOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-CV-3076-L |
| | § | |
| JOSEPH A. BANK | § | |
| CLOTHIERS, INC. | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tara T. Moyer has filed objections to a bill of costs filed by Defendant Joseph A.

Bank Clothiers, Inc. For the reasons stated herein, Plaintiff's objections to the cost bill should be

OVERRULED in part and SUSTAINED in part.

### Background

This is an employment discrimination action brought by Plaintiff against her former

employer, Defendant Joseph A. Bank Clothiers, Inc. Following a judgment entered in its favor

on April 25, 2014, Defendant filed a bill of costs as a prevailing party under 28 U.S.C. § 1920,

seeking $2,044.75 in reimbursement for expenses authorized under sections 1920(2) and

1920(4). Def.'s Bill of Costs, 5/9/14 at 2 (Doc. 95). Plaintiff objects generally to this bill on

grounds that the award of costs against her is unjust and inequitable considering her inability to

pay the amount requested, and asks the Court to employ discretion in reducing the award

accordingly. *See* Pl.'s Obj., 5/19/14 (Doc. 96). Plaintiff also specifically objects that Defendant

has failed to provide sufficient proof that copy costs requested under section 1920(4) were

actually and necessarily incurred for litigation. *Id.* These objections have been referred to

1

United States Magistrate Judge Paul D. Stickney pursuant to 28 U.S.C. § 636(b) and an order of reference dated May 22, 2014.

### Legal Standards

A prevailing party in a civil action is entitled to recover costs authorized by 28 U.S.C. § 1920 "unless the court otherwise directs," provided the party can show that each requested cost was necessarily incurred for litigation. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920. To prove necessity, the prevailing party must support the cost bill with enough factual evidence to show that each requested item was obtained for use in preparation for or during trial, rather than simply for the convenience of counsel. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). When claiming costs under section 1920(2) for fees associated with obtaining deposition transcripts, a prevailing party need only provide enough detail to allow the court to determine that the requested material "could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Coats. v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Similarly, when claiming costs associated with copying expenses under section 1920(4), a prevailing party is not required to identify every copy made during the litigation process, but must provide "some demonstration that reproduction costs necessarily result from that litigation." *Id.* To affirm that each cost was indeed necessarily obtained for litigation, a prevailing party is required to attach an affidavit supporting its requests. *See* 28 U.S.C. § 1924. Absent this affidavit, a prevailing party's requests must be factually specific enough for the court to presume each item's necessity. *See id.*

The district court is accorded great latitude in making a factual determination as to whether the prevailing party has sufficiently proved necessity; however, this discretion is limited by a presumption that such costs have been necessarily obtained for the case absent specific

objections to the contrary. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997). Furthermore, a district court may only employ this discretion to limit the costs imposed; the court may not impose additional costs not specifically enumerated by section 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

### Analysis

*Plaintiff's Ability to Pay*

Plaintiff first objects to Defendant's bill on grounds that the award of costs against her is unjust and inequitable considering her inability to pay the amount requested, and that the District Court should therefore exercise discretion to reduce the award accordingly. *See* Pl.'s Obj. at 1. In cases where the non-prevailing party's inability to pay has been considered, Fifth Circuit courts generally decline to depart from the rule favoring the award of costs to the prevailing party, and require non-prevailing parties claiming indigence to submit an affidavit or other strong documentary evidence supporting their argument. *See Hartnett v. Chase Bank of Texas Nat'l Ass'n,* No. 3-98-CV-1061-L, 1999 WL 977757, at *1 (N.D. Tex. Oct. 26, 1999); *see also Rosales v. San Antonio,* No. 00-CA-0144, 2002 WL 1492590, at *2 (W.D. Tex. Mar. 31, 2002). Thus, in the Fifth Circuit, the burden on the non-prevailing party to overcome the strong presumption in favor of awarding costs by alleging indigence is high. *See Hartnett,* 1999 WL 977757, at *1.

In this case, Plaintiff has not met this burden. Although Plaintiff has attached an affidavit supporting her contention that she is unable to pay the requested amount, she does not sufficiently detail her financial situation to allow this Court to assess her current or future ability to pay Defendant's costs, as required by Fifth Circuit precedent. *See* Pl.'s Aff., 5/19/14 (Doc. 97). Plaintiff states only that she is currently unemployed and does not have the financial means

or reserves to pay the requested costs. Pl.'s Aff. Without more information on Plaintiff's assets and savings, this Court cannot determine whether, considering Plaintiff's financial condition, the award of costs against her would be unjust or inequitable.

*Deposition Costs*

Defendant requests $1,783.75 in costs for fees paid to U.S. Legal Support in obtaining Plaintiffs deposition, exhibit, condensed transcript, e-transcript, and e-cd, as well as associated hourly, administrative, delivery, and signature fees. Def.'s Bill of Costs, 12. Section 1920(2) expressly authorizes the recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In keeping with the traditionally narrow construction of the statute, Fifth Circuit precedent indicates that costs incidental to those expressly authorized by section 1920(2) are not recoverable absent a sufficient showing of necessity by the prevailing party or prior court authorization. *See Halliburton Energy Serv., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007). Incidental costs previously identified and rejected by the Fifth Circuit include expenses such as "parking, real time reporting, rough drafts, condensed transcripts, ASCII, expedited delivery and FEDEX charges." *Id.*

In this case, Defendant requests reimbursement for administrative, delivery and signature fees, as well as for costs associated with access to a condensed transcript, e-transcript and e-cd. None of these costs are explicitly authorized within the language of section 1920(2), and Defendant has failed to provide any indication as to the necessity of each of these costs. While Defendant has included invoices and payment records indicating that these costs were requested and obtained, it fails to provide the Court with enough information to determine that each item was indeed obtained for use in or preparation for or during trial. *See* Def.'s Bill of Costs, 6-22. Because Defendant has merely provided proof of payment for certain identified costs, this Court

4

cannot rule out the possibility that such costs were obtained merely for the convenience of counsel.

Defendant is, however, entitled to three of its listed costs requested under section 1920(2), as the necessity of these costs to the litigation may be presumed. This Court has previously indicated a presumption assuming the necessity of depositions used in support of a motion for summary judgment, noting the utility of such depositions in conducting a careful and thorough examination of the record to assure that no issues of fact remain that would make summary judgment inappropriate. *Tittle v. Raines*, 2002 WL 31757623, at *2 (N.D. Tex. Dec. 3, 2002) (quoting *Jeffries v. Georgia Residential Finance Auth.*, 90 F.R.D. 62, 64 (N.D. Ga. 1981), *aff'd*, 678 F.2d 919 (11th Cir. 1982), *cert. denied,* 103 S.Ct. 302 (1982)). For this reason, the Court can infer that Defendant's costs in the amount of $1,386.25 attributed to the original transcript of Tara Moyer's deposition and "Exhibit" were indeed obtained in preparation for the summary judgment motions on which it prevailed. Furthermore, Fifth Circuit precedent allows recovery for hourly court reporter expenses. *Id.* Therefore, Defendant is also entitled to $227.50 in costs incurred employing a court reporter by the hour. For these costs, totaling $1,613.75, Plaintiff's objections should be overruled. With regards to the remaining $170.00, Plaintiff's objections should be sustained.

*Copy Costs*

Defendant also requests copy costs in the amounts of $100.70, for fees paid to the Texas Workforce Commission (TWC) for copies of Plaintiff's records, and $160.30, for general copying expenses incurred during 2011 and 2012. Def.'s Bill of Costs, 1. However, here too, Defendant fails to provide sufficient factual evidence demonstrating each copy's connection with the litigation. While the prevailing party need not actually introduce exemplifications of TWC

files into evidence during litigation, it must provide an explanation as to why each exemplification was necessarily used. *Lovell v. Glen Oaks Hosp., Inc.,* No. 3:97-CV-318-L, 1999 WL 1029091, at *3 (N.D. Tex. Nov. 10, 1999). Defendant has attached invoices indicating such exemplifications were requested and obtained, but fails to describe each copy's importance to the case. This Court cannot therefore determine the necessity of these costs so as to allow for their recovery. Similarly, while a prevailing party is not required to identify and justify every specific copy or Xerox for which it requests reimbursement, it must at least demonstrate a sufficient connection between the requested reproduction costs and the litigation. *See Coats,* 5 F.3d at 891. Although Defendant has attached billing statements indicating when copies were made during the year of 2012, Defendant supplies no description regarding the general subject matter of any of these reproductions. *See* Def.'s Bill of Costs, 16-22. Therefore, this Court has no basis on which to determine that these copying expenses were necessarily incurred in preparation for or during litigation. Defendant also presents no evidence that the copy costs allegedly incurred during 2011 were actually obtained. *See* Def.'s Bill of Costs, 14. Without proof of payment or obligation to pay these costs, this Court cannot assume that these costs were indeed incurred. Therefore, with regard to these requests for copying costs, totaling $261.00, Defendant has failed to prove necessity to litigation, and Plaintiff's objections should be sustained.

## RECOMMENDATION

The District Court should therefore OVERRULE in part and SUSTAIN in part Plaintiff's objections to Defendant's bill of costs. Plaintiff's objections should be overruled with respect to Defendant's request for $1,613.75 in reimbursement for costs associated with obtaining the original transcript of Plaintiff's deposition and "Exhibit" and court reporter services. In all other

respects, Plaintiff's objections should be sustained.  The Clerk should be instructed to tax costs against Plaintiff in the amount of $1,613.75, for the benefit of Joseph A. Bank Clothiers, Inc.

SO RECOMMENDED, October 25, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).